UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------X

RACHAEL BORZILLERI,

                        Plaintiff,

-against-                                  **VERIFIED COMPLAINT**

AUTO COLLISION & GLASS,              **JURY TRIAL DEMANDED**

                        Defendant.

-------------------------------X

Plaintiff, Rachael Borzilleri, by her counsel, Sanders & Sanders, alleges the following against Defendant, Auto Collision & Glass ("the Company"):

## NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages to redress violations of plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., New York Labor Law § 1 et seq. ("NYLL") (as amended) and 12 New York Cons., Rules and Regulations § 142 ("NYCRR") to recover unpaid overtime compensation owed, but never paid to plaintiff.

## JURISDICTION AND VENUE

2. This court has jurisdiction over plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), under 28 U.S.C. § 1331, and under the Declaratory Judgment Statute, 28 U.S.C. § 2202. The court's supplemental jurisdiction is invoked on the grounds that the acts challenged are also in violation of the laws of the State of New York under 28 U.S.C. § 1367. A substantial part of the events giving rise to the claims occurred in this judicial district and Defendant conducts

business through its employees, including plaintiff who performed her duties within this judicial district.

## PARTIES

3. At all relevant times, plaintiff Rachael Borzilleri was a resident of New York State and was employed by Auto Collision & Glass. She began her employment in April of 2018 as a customer service representative. Throughout the relevant time period, plaintiff was a non-exempt employee for purposes of 29 U.S.C. §203(e) and NYLL. However, Defendant improperly and willfully misclassified her as an exempt employee to avoid paying her overtime wages.

4. At all relevant times, Auto Collision & Glass operates several automobile collision repair shops in the Western New York Area, including, Amherst, Clarence, Lockport, Niagara Falls, and West Amherst.

## STATEMENT OF CLAIM

5. Plaintiff began her employment in April of 2018 as a customer service representative.

6. Plaintiff worked, on average, at least 50 hours per week. Plaintiff's hours worked were recorded by Defendant throughout her employment.

7. During her entire employment, Plaintiff was improperly classified as a salaried employee, and this continued until she left Defendant on May 30, 2019.

8. During that period, she was paid a gross rate of $650.00 per week.

9. Plaintiff should have been classified as an hourly employee, non-exempt from the applicable laws, whereby Defendant would have been required to pay her overtime wages.

10. Upon information and belief, defendant was aware, through plaintiff, her co-workers and supervisors, that plaintiff was working overtime during her employment. Nonetheless, defendant misclassified plaintiff as exempt by putting her in a salaried position to avoid paying for overtime hours.

11. Plaintiff did not hold a management position with the Company, nor did she make operational decisions. Plaintiff did not supervise any other employees. Plaintiff performed her work as she was directed, she did not and was not permitted to exercise independent judgment on any significant matter. Plaintiff's work was neither technical nor specialized in any way.

12. Plaintiff's salary did not meet the salary threshold for overtime exemptions.

13. In addition, Plaintiff was docked if she was late or left early. This treatment is consistent with an hourly employee, not a salaried exempt employee.

14. Plaintiff worked approximately 10 hours of overtime per week during her employment with Defendant. Accordingly, she is owed approximately $22,000 in unpaid overtime from Defendant, and an additional $22,000 in liquidated damages, for a total of $44,000. Plaintiff is also entitled to pre-judgment interest at 9%, together with an award of attorney's fees.

15. In addition, Plaintiff's final paycheck should have been $1015.00 (including overtime) but instead she only received $455.00. Plaintiff is still owed $560.00 for hours worked at Defendant for the pay period prior to her termination.

16. Plaintiff is also owed approximately 4 days of paid time off at a gross amount of $812.00.

17. In total, Plaintiff is owed in excess of $46,000.00.

## FIRST CAUSE OF ACTION:
## BACKPAY AND LIQUIDATED DAMAGES FOR FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. §§ 207, 216

18. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

19. Plaintiff is entitled to overtime wages of one and one-half times what her regular hourly rate would have been for each hour worked in excess of forty hours in a given week.

20. Plaintiff was never paid the overtime wages she was entitled to.

21. As a direct result of defendant's willful failure to pay overtime wages pursuant to the FLSA, plaintiff has lost wages and other employment benefits, and defendant owes plaintiff the overtime wages and liquidated damages mandated by the 29 U.S.C. § 207 and § 216(b), (c).

## SECOND CAUSE OF ACTION:
## BACK PAY, LIQUIDATED DAMAGES, AND PRE-JUDGMENT INTEREST FOR UNDERPAYING PLAINTIFF'S WAGES PURSUANT TO NYLL §§ 198(1-a) (as amended), 663(1), AND 12 NYCRR § 142-2.2.

22. Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

23. Plaintiff is entitled to overtime wages of one and one-half times her regular hourly rates for each hour worked in excess of forty hours in a given week, as well as liquidated damages.

24. Plaintiff was never paid such overtime wages.

25. As a direct result of defendant's willful failure to pay overtime wages Defendant owes plaintiff the overtime wages and liquidated damages mandated by, 12 NYCRR § 142-2.2, and §§ 198(1-a) and 663(1) of NYLL.

4

WHEREFORE, Plaintiff requests relief as hereinafter provided:

a) Enter judgment declaring the acts and practices of defendant to be in violation of the FLSA and the laws of the State of New York;

b) Award plaintiff the wages and overtime she did not receive while employed by defendant as set forth above;

c) Award plaintiff front pay to compensate for the future wages and overtime compensation she will not receive as a direct result of retaliation by defendant as set forth above;

d) Award plaintiff back pay to compensate for the wages and overtime compensation she did not receive while employed by defendant as set forth more fully above;

e) Award plaintiff liquidated damages;

f) Award plaintiff pre-judgment interest;

g) Award plaintiff the cost of this action, together with reasonable attorney's fees;

h) Such other and further relief as this court may deem just and proper.

Dated: Cheektowaga, NY
July 19, 2019

s/Harvey P. Sanders
Harvey P. Sanders, Esq.
Attorney for Plaintiff
401 Maryvale Drive
Cheektowaga, NY 14225
(716) 839-1489

5

## VERIFICATION

State of New York )
County of Erie ) SS:

    Rachael Borzilleri being duly sworn, deposes and says that she is the Plaintiff herein; that she has read the foregoing Amended Verified Complaint and knows the contents thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

Rachael Borzilleri

Subscribed and sworn to before me
this ___ day of ___, 2019.